CLAY, Circuit Judge,
concurring in part and dissenting in part.
The only question at this early stage of the litigation is whether Gunther has alleged sufficient facts that, accepted as true, state a claim for relief that is plausible on its face. See Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir.2010). Gunther has done so in this case, not only with respect to his excessive force claim but also with respect to his deliberate indifference claims. While I agree with the majority’s conclusion that Gunther has stated a plausible claim of excessive force against Officer Lucal, and that dismissal of that claim was improper, I disagree with the majority’s handling of Gunther’s claims of deliberate indifference to his medical needs. Because I believe that Gunther has alleged facts that, accepted as true, could constitute deliberate indifference on the part of Dr. Ojubwii and the medical staff at Lorain Correctional Institution (“Lorain”) in violation of Gunther’s Eighth Amendment rights, I respectfully dissent as to that part of the majority opinion.
In his handwritten, pro se pleadings, Gunther alleges that prison officials and medical staff at Lorain were deliberately indifferent to his medical needs in two distinct ways: first, by ignoring his pleas for pain medication and refusing to adequately treat his spinal injury for over six months, allowing him to languish in extreme pain until he procured medical records from his private physician; and second, by refusing to prescribe medication or other treatment for his diagnosed mental illness.
As an initial matter, I disagree with the majority’s assertion that Gunther’s complaint and objections to the magistrate judge’s report “appear to lodge these allegations only against Dr. Ojubwii.” Majority at 501. Construing Gunther’s pro se pleadings liberally, as we must, Gunther has alleged that the medical staff at Lo-rain — not solely Dr. Ojubwii — was aware of his spinal injury, and failed to take any action. Gunther clearly states in his complaint that shortly after arriving at Lorain, he “made staff aware” of his “spinal problems,” his back pain, and the fact that he had undergone spinal surgery. See Complaint at 5. It is not necessary that the complaint precisely name each individual; it is clear that Gunther is referring to the Lorain medical staff. That Gunther’s alie- *505 gations were made against the entire medical staff at Lorain, and not only Dr. Ojub-wii, is further evident where Gunther states that his neurologist from home had to send medical records “before Lorain would schedule [Gunther] to go” get an MRI. See Complaint at 5 (emphasis added).
Accepting Gunther’s statement of the facts as true and drawing all inferences in his favor, as we must at the dismissal stage, Gunther has adequately pleaded both the objective and subjective components of a deliberate indifference claim with respect to his spinal injury. As the majority recognizes, Gunther’s assertion that his back pain was so severe that at times he was unable to walk constitutes a serious medical need “that is so obvious that even a lay person would easily recognize the necessity for a doctor’s attention.” Majority at 501; Harrison v. Ash, 539 F.3d 510, 518 (6th Cir.2008). Precisely this same fact compels the finding that Gunther can also establish the subjective component of deliberate indifference because it means that Defendants were “aware of facts from which the inference could be drawn that a substantial risk of serious harm exists.” Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). See Hope v. Pelzer, 536 U.S. 730, 738, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002) (“We may infer the existence of this subjective state of mind from the fact that the risk of harm is obvious.”). Given the obviousness of Gunther’s alleged medical need, including his readily-apparent alleged inability to walk, it can be inferred that the Lorain medical staff was aware of the seriousness of Gunther’s medical need and deliberately disregarded it. See Hope, 536 U.S. at 738, 122 S.Ct. 2508.
Even without drawing this inference, Gunther has sufficiently alleged that he directly told Dr. Ojubwii that his back pain was so intense that at times he could not even put pressure on his legs, see Objections to R & R at 2, and that Dr. Ojubwii prescribed only ibuprofen — a treatment which, is “so woefully inadequate as to amount to no treatment at all.” See Alspaugh v. McConnell, 643 F.3d 162, 169 (6th Cir.2011). As to the medical staff generally, Gunther alleged in his complaint that he “made staff aware of [his] spinal problems, that [he] had spinal surgery[, and] that [he had] pain in” his lower back and left leg that rendered him unable to walk. See Complaint at 5. Reading the pleadings liberally, these allegations adequately establish the subjective component of the deliberate indifference test against both Dr. Ojubwii and the Lorain medical staff. Gunther has sufficiently alleged that the Lorain medical staff knew “that [Gunther] faee[d] a substantial risk of serious harm and disregarded] that risk by failing to take reasonable measures to abate it.” Farmer, 511 U.S. at 847, 114 S.Ct. 1970. Ultimately, Defendants may introduce prison records that tend to disprove Gunther’s allegation that he was unable to walk or that his medical need was as obvious as he contends. However, speculation about such evidence is irrelevant at this stage of the litigation. For now, Gunther has stated a claim to relief that is “plausible on its face.” Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).
Gunther has also sufficiently alleged that Dr. Ojubwii was deliberately indifferent to his diagnosed history of mental illness, including paranoid schizophrenia. Gunther specifically alleges that he told Dr. Ojubwii that he suffers from and has been diagnosed with paranoid schizophrenia, and according to the pleadings, no course of treatment was undertaken. Objections to R & R at 6. Gunther’s allegation that Dr. Ojubwii failed to properly *506 treat Gunther’s mental illness after being made aware of it is sufficient to satisfy the subjective component of a deliberate indifference claim, and to survive dismissal.
Although Gunther’s allegations are not extensive, they are sufficient to state a claim that the medical staff at Lorain was deliberately indifferent to Gunther’s serious medical needs in violation of the Eighth Amendment’s prohibition of cruel and unusual punishment. Accepting his statement of the facts as true, which the Court must do at the dismissal stage, Gunther has adequately pleaded both the objective and subjective components of an Eighth Amendment deliberate indifference claim. Gunther’s back pain was sufficiently obvious because it was so debilitating that, at times, he was unable to walk. Given the obviousness of Gunther’s condition and the fact that he repeatedly informed the Lorain medical staff of the problem, Gunther has alleged that the medical staff knew of and intentionally disregarded a serious medical condition. Gunther has similarly alleged that at least Dr. Ojubwii knew of his diagnosed mental illness and failed to treat it. Although Defendants may subsequently introduce evidence to refute Gunther’s assertions, the only question at this stage of the litigation is whether Gunther has alleged sufficient factual matter that, accepted as true, states a claim for relief. Because he has done so, the district court’s decision should be reversed.